UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONDIYRAD KABEDE, | No. 2:22-cv-0637-EFB P |
| Petitioner, | |
| v. | ORDER |
| CA GOVERNOR'S PAROLE BOARD HEARING DEP'T, et al., | |
| Respondents. | |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner claims that on January 9, 2020, the Board of Parole Hearings unlawfully denied him parole as an elderly inmate. *See* ECF No. 15 at 4, 25.

Under Rule 4 of the Rules Governing Section 2254 Cases, the court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. The court must summarily dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to relief . . . ." The court has conducted the review required under Rule 4 and concludes that summary dismissal of the petition is required.

/////

---

[1] On July 14, 2021, petitioner commenced this action in the United States District Court for the Northern District of California. ECF No. 1. On April 7, 2022, that court transferred the case to this district. ECF No. 16. Petitioner has paid the filing fee.

A prisoner's claim which, if successful, would not necessarily lead to immediate or speedier release falls outside the "core of habeas corpus" and must be pursued in an action brought pursuant to 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016). Here, success on petitioner's challenge to the denial of parole would not necessarily lead to his immediate or speedier release. At best, it could result in the advancement of petitioner's next parole suitably hearing. For this reason alone, petitioner is not entitled to relief.

Moreover, any due process claim arising from the January 9, 2020 denial of parole fails on its merits. California's parole statutes give rise to a liberty interest protected by the federal Due Process Clause. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his current dangerousness. *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal. 4th 616, 651-53 (2009). However, the U.S. Supreme Court has made clear that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." *Swarthout*, 131 S. Ct. at 220-21. The Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented, or relied upon, at a parole proceeding. *Id.* at 220-22. Rather, the protection afforded by the federal Due Process Clause to California parole decisions consists solely of the "minimum" procedural requirements, specifically, "an opportunity to be heard and . . . a statement of the reasons why parole was denied." *Id.* at 220. Here, petitioner does not allege he was denied an opportunity to be heard or that he was denied a statement of reasons for the denial of parole. Even if he had, the case file demonstrates that at a subsequent parole hearing on July 21, 2021, petitioner was given a statement of reasons as to why parole was denied and an opportunity to be heard with respect to that decision. ECF No. 11 at 1, 102-117. Thus, petitioner was afforded all the process he was due relative to his parole hearing.

Accordingly, IT IS ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

/////

/////

2

1  Further, IT IS RECOMMENDED that petitioner's application for writ of habeas corpus be
2  summarily dismissed.

3  These findings and recommendations are submitted to the United States District Judge
4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
5  after being served with these findings and recommendations, any party may file written
6  objections with the court and serve a copy on all parties.  Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8  shall be served and filed within fourteen days after service of the objections.  Failure to file
9  objections within the specified time may waive the right to appeal the District Court's order.
10  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
11  1991).  In his objections petitioner may address whether a certificate of appealability should issue
12  in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing
13  Section 2254 Cases in the United States District Courts (the district court must issue or deny a
14  certificate of appealability when it enters a final order adverse to the applicant).
15  Dated: April 29, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE